**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CORNELIUS JACKSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | No. 5:15-cv-00238-CAR-CHW |
| | : | |
| **Warden GLENN JOHNSON,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| | : | |

## REPORT AND RECOMMENDATION

On June 12, 2015, Petitioner, Cornelius Jackson, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss for lack of exhaustion on November 4th, 2015, alleging that Petitioner failed to pursue available state court remedies. Because Petitioner has failed to state a claim upon which relief can be granted and has failed to exhaust his state court remedies, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**.

### Procedural History

The circumstances of Petitioner's conviction and sentence are not contained in the record, but both parties agree that Petitioner received a life sentence in Richmond County, Georgia. Doc. 1, p. 1. The current action arises out of events which took place during Petitioner's confinement in the Georgia Department of Corrections. According to a Dooly State Prison Disciplinary Report Worksheet presented by Petitioner, Officer Merrell, a Dooly State Prison employee, conducted a "shakedown" of Petitioner's cell on June 20, 2014. Doc. 1, p. 15. During the shakedown, Officer Merrell discovered a blackberry cell phone, two chargers, and four weapons with a sharp point. *Id.* Based on this discovery, Petitioner was charged with the institutional

infractions of possessing a weapon and possessing an electronic device. On July, 11, 2014, Petitioner was found guilty of the charges following a disciplinary hearing. Petitioner was sentenced to pay $100 restitution, placed on store, phone, and package restriction for ninety days, and was given "14 days isolation credit for time served." *Id*. Petitioner claims that the disciplinary conviction also had the effect of "offsetting" his parole by two years and his visitation privileges were revoked indefinitely.

<u>NEED FOR AN EVIDENTIARY HEARING</u>

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, factual determinations made by a state court are presumed to be correct but can be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). On the other hand, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).  After a careful review of the record, and in light of the discussion below, no evidentiary hearing is warranted in this case, and Petitioner request for an evidentiary hearing is denied. Doc. 1, p. 14.

<u>DISCUSSION</u>

Petitioner's pleadings are separated into five grounds of relief, all of which allege that the Dooly State Prison disciplinary hearing violated Petitioner's right to due process. Petitioner

essentially brings a due process claim challenging (1) the decision of the disciplinary board resulting in an administrative conviction, (2) the sanctions imposed, and (3) the Parole Board's decision to "offset" his parole eligibility because of the administrative conviction. Doc. 1, p. 14. Petitioner apparently seeks to have the disciplinary hearing declared unconstitutional so that his visitation rights will be restored, his parole will not be offset by two years, and the $100 restitution order will be lifted.

Generally, constitutional challenges to conditions of a prisoner's confinement like the conditions imposed by the disciplinary board in this case "fall outside that core" of habeas and must be brought pursuant to Section 1983. *Nelson v. Campbell*, 541 U.S. 637, 643 – 44 (2004). Section 1983, like Section 2254, provides access to the federal courts "for claims of unconstitutional treatment at the hands of state officials," but the two causes of action "differ in their scope and operation." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). For example, a habeas action is the sole remedy available when a state prisoner "is challenging the very fact or duration of his physical confinement," and seeks relief entitling him to "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973). Petitioner's claim lies at the intersection of both federal laws as he alleges that a disciplinary hearing imposing unconstitutional treatment by state officials necessarily resulted in a second decision extending the term of his confinement.

In determining the appropriate cause of action, the Eleventh Circuit has clarified that such mixed claims are appropriately be analyzed in terms of the remedy sought. "A prisoner seeking injunctive relief which lessens the period of confinement must bring the claim in a habeas corpus petition." *Gwin v. Snow*, 870 F.2d 616, 621 (11th Cir. 1989). However, "individuals seeking damages claims or injunctive relief to prospectively enjoin unconstitutional procedures," must

bring their claim pursuant to Section 1983. *Id.* Thus, courts may allow Section 1983 damages claims to proceed while dismissing habeas claims. *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974)). On the other hand, a petitioner may not bring Section 1983 claims to avoid the exhaustion requirements of a habeas action. Therefore, even if a petitioner seeks the type of relief for which a Section 1983 action is appropriate, if the 1983 action seeks to invalidate a "conviction," the "conviction" must first be attacked in a habeas action if its invalidation would necessarily demonstrate the invalidity of a prisoner's confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); see *Edwards v. Balisok,* 520 U.S. 641 (1997) (claim contesting constitutionality of disciplinary proceeding was not available in a Section 1983 action because if the action was successful, it would necessarily imply the invalidity of the deprivation of "good time" credits[1].).

In this case, Petitioner primarily seeks relief from a disciplinary hearing which imposed the type of sanctions associated with the remedies squarely available within a Section 1983 action and not within the purview of a habeas action. However, Petitioner additionally alleges that the disciplinary hearing he is challenging resulted, as a matter of policy, in his eligibility for parole being deferred for two years. Thus, taken on its face, Petitioner's allegations place him within the scope of cases for which *Wilkinson* is applicable. This construction is problematic for Petitioner because the Georgia parole system does not create a liberty interest in parole, and without a liberty interest, parole decisions usually do not implicate due process concerns. D*amiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 930 (11th Cir. 1986) (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979)). Thus, Petitioner would be required

---

[1] "Good-time statutes provide for the reduction of an inmate's sentences in exchange for his good behavior and faithful performance of his duties." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982). When these credits are taken away in a disciplinary proceeding, the proceeding may be challenged in a habeas action because restoration of the credits would necessarily result in a reduction of a prisoner's time of confinement. *Wilkinson*, 544 U.S. at 84.

by *Wilkinson* first to challenge the disciplinary hearing through a habeas action, but Petitioner's claim is not cognizable in a habeas action.

Contrary to Petitioner's assertions, however, his claim does not necessarily impact the duration of his confinement and does not fall within *Wilkinson*. Petitioner's assertion that the disciplinary conviction has necessarily resulted in his parole eligibility being deferred by two years is an unsupported conclusory allegation. Petitioner cites to no decision of the Board, regulation, or statute to support this allegation. Even if such a policy did exist, "the Board has 'significant discretion' in its application of, and departure from, the Parole Decision Guidelines." *Heard v. Georgia State Bd. of Pardons and Paroles*, 222 F. App'x 838, 841 (11th Cir. 2007) (citing *Sultenfuss v. Snow*, 35 F.3d 1494, 1501 (11th Cir. 1994)). Rather than being formulaic, the guidelines and policies promulgated by the Board "were not intended to produce a predetermined outcome upon rote application of specific criteria." *Sultenfuss*, 35 F.3d at 1501. The Board applies various factors that do not procedurally mandate any particular outcome. *Id*. at 1501 – 02. Far from mandating release at an earlier time if Petitioner was not convicted of the disciplinary infractions, Georgia's parole system creates a strong "presumption against parole." *Id*. (citing O.C.G.A. § 42-9-42).

Thus, Petitioner's due process challenge to the disciplinary board's decision does not necessarily impact the duration of his confinement or attack his conviction. The attenuated and speculative relationship between Petitioner's disciplinary conviction and Georgia Parole decision does not create a sufficient nexus with the duration of his confinement to directly implicate the core of habeas Petitioner does not challenge his conviction or the fact of his confinement, and if Petitioner was granted the remedy he seeks, there is no indication that petitioner's eligibility for parole would be moved forward or that Petitioner would be granted parole at an earlier date. See

*Muhammed v. Close*, 540 U.S. 749 (2004) (habeas action was inappropriate remedy where magistrate judge found that challenged disciplinary hearing did not revoke good time credits.); see also *Venegas v. Henman*, 126 F.3d 760 (5th Cir.1997) ("The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest."). Petitioner also does not have a due process right in parole.[2] Therefore, Petitioner has failed to state claim on which relief can be granted and it is **RECOMMENDED** that this claim be **DISMISSED**.

Further, Petitioner is not required by *Wilkinson* to attack the disciplinary conviction in a habeas action prior to bringing a Section 1983 claim challenging other aspects of the sanctions he received. Petitioner's construction, which would have forced Petitioner to bring this non-cognizable habeas action prior to seeking relief under Section 1983, is erroneous. Petitioner may attack the disciplinary sanctions through a Section 1983 claim. Therefore, it is **RECOMMENDED** that Petitioner's claims of relief related to his $100 restitution, loss of visitation rights, and other administrative sanctions imposed by the disciplinary board be **DISMISSED** without prejudice. The relief sought through these claims is not available in a habeas action.

Petitioner's remaining claim challenging the decision of the Board is unexhausted. "[F]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to

---

[2] Even where a prisoner has no liberty interest in parole, the parole board's decision is not unlimited. See *Robinson v. Satz*, 260 F. App'x 209, 213 (2007). The Board may not rely on "admittedly false information in determining whether to grant parole," but conclusory allegations are not enough to state a due process claim. *Id.* (citing *Jones v. Ray*, 279 F. 3d 944, 946 (11th Cir. 2001). Here, Petitioner presented a discipline report and alleges that he was not allowed to call witnesses and no evidence was presented during the hearing. These are merely conclusory allegations. Further, the disciplinary reports states that the decision was based on the "factual statement." Doc. 11, p. 15.

act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the court of the state . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §§ 2254(c). This requirement does not require state prisoners to "invoke extraordinary remedies," and requires only that "state prisoners give state courts fair opportunity to act on their claims." *O'Sullivan*, 526 U.S. at 844 (internal citations omitted).

"Under Georgia law, there is no procedure by which a prisoner serving a life sentence can administratively appeal the Board's decision denying parole." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (citing Comp. R. & Regs. § 475-3-.05)). Instead, the appropriate procedure for a prisoner to attack a Parole Board decision is to seek a writ of mandamus against the Board. *Day v. Hall*, 528 F.3d 1315, 1317 (2008) (citing *Brown,* 512 F.3d at 1307) ("[a] petition for writ of mandamus is the proper vehicle for challenging parole decisions in Georgia."); see also *Willis v. Morales*, 2014 WL 4748620 (S.D. Ga. 2014) (dismissing claim regarding parole eligibility for failure to exhaust because Petitioner did not file for writ of mandamus). It is uncontested that Petition has not sought a writ of mandamus against the Parole Board; therefore, Petitioner's claim against the Board is unexhausted. It is **RECOMMENDED** that this claim be **DISMISSED** without prejudice.

## CONCLUSION

The relationship between Petitioner's disciplinary conviction and Petitioner's eligibility for parole is attenuated and speculative. Therefore, even if Petitioner was able to show that the disciplinary hearing violated his due process rights, his claim does not sufficiently implicate concerns related to the duration of his confinement to make habeas an appropriate remedy. Because the Georgia Parole system does not create a liberty interest in parole, Petitioner has no

due process right to parole to begin with. In addition, Petitioner's claim regarding the Parole Board's decision to "off set" his parole is unexhausted. Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 11) be **GRANTED** and that the instant petition be **DISMISSED**.

Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 16th day of March, 2016.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge