IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CORNELIUS JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:15-CV-238-CAR-CHW |
| Warden GLENN JOHNSON, | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| Defendant. | : | |
| _____ | : | |

### ORDER ON THE REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 14] to grant Respondent's Motion to Dismiss [Doc. 11] Petitioner Cornelius Jackson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a timely Objection to the Recommendation [Doc. 17]. Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered both the Recommendation and the Objection and has made a *de novo* determination of the portion of the Recommendation to which Petitioner objects. After careful consideration, this Court agrees with the United States Magistrate Judge's findings and conclusions.

In the instant petition, Petitioner seeks federal habeas corpus relief from a disciplinary action that took place while Petitioner was confined in the Georgia Department of Corrections. Petitioner was found guilty of possessing a phone, two chargers, and four weapons, and sentenced to pay $100.00 restitution, placed on store,

phone, and package restriction for ninety days, and given "14 days isolation credit for time served."[1]  Petitioner claims this disciplinary proceeding violated his due process rights because it has effectively postponed his parole for two years.  Respondent filed a Motion to Dismiss.  The Magistrate Judge recommends granting Respondent's motion based on Petitioner's failure to state a claim upon which relief can be granted and failure to exhaust his state court remedies pursuant to 28 U.S.C. § 2254(d).

In the Objection, Petitioner disagrees with the Magistrate Judge's conclusions that (1) "his due process challenge to the disciplinary board's decision does not necessarily impact the duration of his confinement," and (2) "there is no indication that Petitioner's eligibility for parole would be moved forward or that Petitioner would be granted parole at an earlier date."[2]  Petitioner contends the Parole Handbook states "[a]ny person who is caught with a cell phone will be automatically set off for two years. The parole board will deny parole, no questions asked."[3]  Further, the parole board must consider the person's disciplinary record in prison as factor in determining parole.  Therefore, Petitioner argues the disciplinary board's decision plays a significant role in the consideration of parole, and it cannot be said that it does not necessarily impact the duration of his confinement.

---

[1] Report and Recommendation, [Doc. 14] at p. 1-2.
[2] *Id*. at p. 5.
[3] Petitioner's Objection, [Doc. 17] at p. 1.

2

However, as the Recommendation thoroughly explains, Petitioner does not have a liberty interest in parole, and "the parole board has 'significant discretion' in its application of, and departure from, the Parole Decision Guidelines."[4] The parole board applies various factors in making its determination, and "[n]othing in state law requires the parole board to grant parole in the absence of prison misconduct."[5] Here, the disciplinary decision did not address his parole eligibility, there has been no parole board decision, and the parole board has significant discretion in applying its guidelines.[6] As stated in the Recommendation, "[t]he loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest."[7] Thus, the Court agrees Petitioner's claims should be dismissed for failure to state a claim.[8]

---

[4] *Heard v. Georgia State Bd. of Pardons and Paroles*, 222 F. App'x 838, 841 (11th Cir. 2007) (per curiam) (quoting *Sultenfuss v. Snow*, 35 F.3d 1494, 1501 (11th Cir.1994) (en banc)).

[5] *Ferguson v. Tucker*, No. 5:11cv398/RS/EMT, 2012 WL 3113884, at *6 (N.D. Fla. July 13, 2012); *see also Sultenfuss*, 35 F.3d at 1496-99, 1500-02 (discussing the Georgia parole system).

[6] *Thomas v. Sellers*, 691 F.2d 487 (11th Cir.1982) ("[A]bsent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."),

[7] *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *see, e.g.,Gullatte v. Director, TDCJ-CID*, No. , 2015 WL 6725106, at *1-5 (E.D. Tex. Nov. 3, 2015) (dismissing petitioner's habeas corpus proceeding because the disciplinary decision only affected the possibility of parole, which is not protected by due process); *Graves v. Hodge*, No. 06-2004—M1/V, 2006 WL 485115, at *6 n.5 (W.D. Tenn. Feb. 28, 2006) ("However, that loss of a future opportunity, and any effect the plaintiff's disciplinary infraction had on her parole eligibility, is a collateral consequence that does not create a protected liberty interest." (citing *Williams v. Vidor*, 67 F. App'x. 857, 859 (6th Cir. 2003)).

[8] Additionally, the Court notes Petitioner fails to exhaust his state court remedies required under 28 U.S.C. § 2254. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

Additionally, Petitioner objects to the Magistrate Judge's recommendation to dismiss his claims related to the $100.00 processing fee because the relief Plaintiff seeks is not available in a habeas corpus action.  Plaintiff contends the processing fee amounts to a "fine" for possessing a cell phone and charger, and therefore, a habeas corpus petition is the proper forum to challenge the fine.  However, the Disciplinary Report Worksheet specifically states the $100.00 is for restitution.[9]  As explained in the Recommendation, the relief sought through these claims in not available in a habeas corpus action.  Instead, Petitioner may attack disciplinary sanctions through a 42 U.S.C. § 1983 action.  Thus, the Court agrees that the claims relating to the $100.00 processing fee should be dismissed without prejudice.

Lastly, Plaintiff does not appear to object to the Magistrate Judge's recommendation to dismiss his claims challenging the decision of the administrative board.  The Court agrees with the Magistrate Judge's conclusion that Petitioner has not exhausted his administrate remedies, and thus the claim should be dismissed without prejudice.

Accordingly, the Report and Recommendation [Doc. 14] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Respondent's Motion to Dismiss [Doc. 11] is **GRANTED**, and the Petition [Doc. 1] is **DISMISSED as follows**: Petitioner's claims challenging the administrative board's decision and the $100.00 process fee are

---

[9] Petitioner's Compl., Ex. A, [Doc. 1] at p. 15.

DISMISSED WITHOUT PREJUDICE, and all remaining claims are DISMISSED WITH PREJUDICE.  Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 29th day of September, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT